Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| EL PUEBLO DE PUERTO RICO<br><br>**Recurrido**<br><br>v.<br><br>ROBERTO QUIÑONES LOPEZ<br><br>**Peticionario** | KLCE202400152 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de **Bayamón**<br><br>Caso Núm. **D VI2008G0087 Y OTROS**<br><br>Sobre: **ART. 106 DEL C.P. Y OTROS** |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de febrero de 2024.

El peticionario, Roberto Quiñones López, comparece mediante el recurso de epígrafe, y nos solicita la revocación de una "*Resolución y Orden*" emitida por el Tribunal de Primera Instancia, Sala de Bayamón, 11 de enero de 2024, notificada el 19 del mismo mes y año. En el referido dictamen, el foro primario determinó que las penas dispuestas en su sentencia, por disposición de Ley, eran consecutivas.

Por los fundamentos que expondremos a continuación, *se deniega la expedición del auto solicitado.*

**I.**

El peticionario es miembro de la población correccional. Actualmente se encuentra recluido en la Institución Penal-Bayamón 501 cumpliendo unas penas consecutivas, las cuales suman cuarenta y cinco (45) años. Sostiene que se le imputó haber cometido asesinato en segundo grado, e infringido los Artículos 5.04

Número Identificador

RES2024 _____

y 5.15 de la Ley de Armas de Puerto Rico, Ley Núm. 404-2000, 25 LPRA sec. 458c y 458n (derogada).

Según relata, el 21 de diciembre de 2023, instó una *"Moción"* ante el foro primario, mediante la cual expuso que el ordenamiento jurídico criminal vigente permitía que las penas adjudicadas se cumplieran de manera concurrente.

El 11 de enero de 2024, notificada el 19 del mismo mes y año, el tribunal de instancia emitió una *"Resolución y Orden"* en la cual concluyó que "[l]as penas dispuestas en la sentencia, por Ley de Armas y del Código Penal, por disposición de Ley son consecutivas. El cumplimiento concurrente de las penas de la Ley de Armas [son] consecutivas entre sí y con las penas del Código Penal, las cuales pueden ser cumplidas concurrentes entre sí".

Inconforme, el 26 de enero de 2024, Quiñones López suscribió el presente recurso, en el cual reiteró lo planteado en el foro recurrido.

Examinado el expediente, procedemos a resolver.

**II.**

**A. *Certiorari***

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, enumera los criterios que esta Curia debe considerar para ejercer sabia y prudentemente su decisión de atender o no las

controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). La precitada Regla dispone lo siguiente:

El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio, y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). El foro apelativo deberá evaluar la corrección de la decisión recurrida, al igual que la etapa del procedimiento en que es presentada. Ello, para determinar si es apropiado intervenir, y evitar ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo, también, ha expresado que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la

discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Finalmente, precisa señalar que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Al contrario, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, supra, pág. 98.

### III.

Luego de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el foro primario. Al examinar el pronunciamiento del cual se recurre, se desprende que el mismo no está contenido en las instancias contempladas en la Regla 40, *supra,* para que este Foro pueda entender sobre ello. De este modo, concluimos que no se requiere nuestra intervención.

En virtud de lo anterior, y en ausencia de prueba que nos permita resolver en contrario, *denegamos expedir el auto de certiorari* que nos ocupa.

## IV.

Por los fundamentos que anteceden, *se deniega la expedición del recurso de certiorari solicitado.*

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

La Juez Grana Martínez *disiente,* puesto que desestimaría por falta de jurisdicción.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones